IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL SHAWN JORDAN, #215106**                                   **PETITIONER**

**v.**                                                     **CIVIL NO. 1:25cv358-HSO-BWR**

**STATE OF MISSISSIPPI**                                             **RESPONDENT**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

BEFORE THE COURT is pro se Petitioner Michael Shawn Jordan's Petition [1] for Writ of Mandamus. Jordan is incarcerated with the Mississippi Department of Corrections and challenges his state-court convictions. The Court finds that this case should be dismissed without prejudice.

### I.   BACKGROUND

On November 24, 2025, Jordan filed the instant Petition [1] for Writ of Mandamus, challenging his state-court convictions on four counts of sexual battery. Pet. [1] at 1; Pet. Ex. A [1-2]. Jordan was convicted of these offenses in the Circuit Court of Harrison County, Mississippi, on February 22, 2018. Pet. Ex. A [1-2]; Pet. Ex. B [1-3] at 1. He claims that the trial court lacked subject-matter jurisdiction to convict him, that the convictions were obtained by fraud and forgery, and that he was denied effective assistance of counsel and the right to confrontation. Pet. [1] at 1. Jordan further alleges that he was held on excessive pretrial bail. *Id.* He asks this Court for a writ of mandamus, vacating his convictions and sentences. *Id.* at 1, 9.

This is not the first time Jordan has challenged his sexual battery convictions. On November 10, 2025, he raised these identical claims *via* a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, which is still pending before the undersigned. *Jordan v. Johnson*, 1:25-cv-330-HSO-ASH, No. [1] (S.D. Miss. Nov. 10, 2025).

## II. DISCUSSION

The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This Court "lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb Cnty. Super. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973).

Of course, a "court may liberally construe a pro se petitioner's pleadings and treat it as a habeas corpus petition, where appropriate." *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998). Indeed, the Fifth Circuit Court of Appeals affirmed a district court's decision to treat a mandamus action as a habeas petition where the "challenge directly implicate[d] the duration of [the petitioner's] confinement." *Id.* at 487-88. Since Jordan requests vacation of his convictions and sentences, the Court finds that he is essentially seeking habeas relief. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). So, to the extent Jordan seeks release from confinement, his

Petition [1] will be construed one for habeas relief under 28 U.S.C. § 2254.

As mentioned previously, this is not the first time that Jordan has sought habeas relief from his sexual battery convictions. He had already filed another Petition for Writ of Habeas Corpus in this Court, challenging the same convictions two weeks earlier, in *Johnson,* 1:25-cv-330-HSO-ASH, and that prior habeas petition remains pending before the undersigned.

A civil action, including a habeas action, may be dismissed if it is duplicative of another action pending in the same court. *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985); *see also Norwood v. United States*, 235 F. App'x 231, 231 (5th Cir. July 24, 2007) (habeas) (citing *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)). Because the instant Petition [1] concerns the same convictions and sentences as the prior pending case of *Johnson*, this case is duplicative and should be dismissed without prejudice.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 30th day of January, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE